# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

REO Processing, LLC, :
:
      Plaintiff, :
:
  v. : CIVIL ACTION NO.
: 1:09-cv-01777-JOF
Frank A. Howell, Sr., :
:
      Defendant. :
:

## OPINION & ORDER

Plaintiff, REO Processing, LLC filed the proceeding of a tenant holding over against Defendant Frank A. Howell, in Magistrate Court of Fulton County. Defendant Howell, proceeding *pro se* filed a notice of removal in this court and motion to proceed *in forma pauperis*. On July 1, 2009, Magistrate Judge Gerrilyn G. Brill issued an order granting Defendant Howell's motion to proceed *in forma pauperis*, but also noting that the court did not have subject matter jurisdiction over Defendant Howell's removal because there is no diversity of citizenship between Plaintiff and Defendant, and because Plaintiff's complaint does not contain a cause of action arising under the Constitution, treaties, or laws of the United States. Noting that Plaintiff's action was a dispossessory proceeding against Defendant Howell seeking his eviction from real estate because he is a tenant at sufferance

following foreclosure, Magistrate Judge Brill found no federal question jurisdiction. Magistrate Judge Brill directed the Clerk of the Court to remand the action to the Magistrate Court of Fulton County if no objections were filed within fifteen (15) days from the date of her order.

Defendant Howell did not file timely objections and the case was remanded to the Magistrate Court in accordance with the Magistrate Judge's order. Several days later, Defendant Howell did file objections to the Magistrate Judge's order. He does not argue that there is subject matter jurisdiction in federal court, rather he argues only that the Magistrate Judge was without authority to direct the remand.

Under 28 U.S.C. § 626(b)(1)(A), a magistrate judge has the authority to "hear and determine any pretrial matter pending before the court, except a motion for injunction relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." *Id.*; *see also* Fed. R. Civ. P. 72 (discussing dispositive and nondispositive matters). Most district courts to consider the issue have determined that a magistrate judge has authority to remand a case under 28 U.S.C. § 1447. *See, e.g.*, *Meier v. Premier Wine & Spirits, Inc.*, 371 F. Supp. 2d 239, 241-42 (E.D.N.Y. 2005) (collecting cases); Wright & Miller's Federal Practice and Procedure

2

§ 3068.2. However, most circuit courts have determined that a remand order is the functional equivalent of a dispositive order and therefore beyond the magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). *Id.* at 242 (collecting cases from the Third, Sixth, and Tenth Circuits). *See also Williams v. Beemiller, Inc.*, 527 F.3d 259 (2d Cir. 2008) (joining holdings of Third, Sixth, and Tenth). The Eleventh Circuit has not spoken on this issue.

Although the Magistrate Judge did not label her order a "recommendation," she did grant Defendant leave of fifteen (15) days to file objections to her conclusion that the court did not have subject matter jurisdiction and Defendant Howell failed to file timely objections. The court further has conducted a *de novo* review of the issue and agrees with the Magistrate Judge that this court does not have subject matter jurisdiction over Plaintiff's complaint either on the basis of diversity of citizenship or federal question jurisdiction. Therefore, the court finds Defendant's objection to the remand to be without merit.

**IT IS SO ORDERED** this 7th day of October 2009.

                                          /s J. Owen Forrester
                                        J. OWEN FORRESTER
                                SENIOR UNITED STATES DISTRICT JUDGE

3

AO 72A
(Rev.8/82)